UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Clarence Heatley,<br>*Defendant.* | 96 Cr. 515 |
| Clarence Heatley,<br>*Petitioner*<br><br>v.<br><br>United States of America,<br>*Respondent.* | 15 Civ. 9534 |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Clarence Heatley (the "petitioner-defendant") has filed a petition for a writ of *habeas corpus*, seeking to reinstate his right to a direct appeal on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the petition papers and the case file, has concluded that the testimony of the petitioner-defendant's former trial counsel, Joel S. Cohen, Esq. and David A. Ruhnke, Esq. (collectively "Counsel"), will be needed in order to allow the Government to address the petition; and

WHEREAS the Court, after reviewing the petition papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the petition; and

WHEREAS by filing the petition, the petitioner-defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by the petitioner-defendant; and it is further

ORDERED that the petitioner-defendant execute and return to this court within 21 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 21 days from today's date, the court will deny the petition, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the petition; and it is further

ORDERED that the Government shall be permitted an additional 45 days from the receipt of said executed "Attorney-Client Privilege Waiver (Informed Consent)" form to obtain sworn testimony from Counsel and to file any opposition and any additional supporting papers with this Court in response to the petitioner-defendant's motions pursuant to section 2255 and Federal Rule of Civil Procedure 60(b).

Dated: New York, New York
       June 28 2016

*Loretta A. Preska*
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Clarence Heatley,<br>    *Defendant.* | **96 Cr. 515** |
| Clarence Heatley,<br>    *Petitioner*<br><br>v.<br><br>United States of America,<br>    *Respondent.* | **15 Civ. 9534** |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Petitioner-Defendant Clarence Heatley

You have filed a petition for a writ *habeas corpus* to have your right to file a direct appeal reinstated on the ground that you received ineffective assistance from your former lawyers, Joel S. Cohen, Esq. and David A. Ruhnke, Esq. (referred to in this form as "your former attorneys"). The court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorneys in order to evaluate your petition.

By filing this petition, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claim. That means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between you and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering your former attorneys to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition to reinstate your right to file a direct appeal on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorneys to disclose confidential

communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your petition.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the court will deny your petition if you do not authorize your former attorneys to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within twenty-one (21) days from the date of the Court's Order directing your former lawyers to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your petition.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Joel S. Cohen, Esq. and David A. Ruhnke, Esq. to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my petition to reinstate my right to file a direct appeal on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my petition.

Dated: _____

_____

Sworn to before me this _____ day of _____, 20____

_____
Notary Public